UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WANYOIKE KIMANI,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CENTER ICE,<br>Respondents. | No. 1:26-cv-05209-DJC-SCR<br><br>ORDER<br>A# 235-552-103 |

Petitioner Joseph Wanyoike Kimani is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).[1]

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 1 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Respondents concede that Petitioner is subject to

[1] The Court initially cited cases concerning re-detention. Based on subsequent information provided by Respondents, the cases cited here are more applicable.

detention under 8 U.S.C. § 1226(a), but argue that he has been held without a bond hearing because he has not requested one. (ECF No. 6 at 1.) Petitioner has clearly indicated his desire for a bond hearing in filing this Petition yet as not received one. Thus, an order that Petitioner receive a bond hearing is appropriate. This is also appropriate given Petitioner was transferred into ICE detention from local law enforcement custody in connection with criminal charges.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[2]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Joseph Wanyoike Kimani a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

Petitioner's Motion to Proceed In Forma Pauperis (ECF No. 2) is GRANTED.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 14, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.