UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WANYOIKE KIMANI (A# 235-552-103),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CENTER ICE,<br>Respondent. | No. 1:26-cv-05209 DJC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action—which is now closed—pursuant to 28 U.S.C. § 2241. Petitioner, proceeding pro se, has filed a post-judgment motion for temporary restraining order ("TRO"), which the undersigned liberally construes as a motion to enforce judgment. ECF No. 13. District Judge Calabretta referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

## FACTUAL AND PROCEDURAL HISTORY

### I. Habeas Petition and Court-Ordered Bond Hearing

Petitioner, a national and citizen of Kenya, filed a habeas petition on July 6, 2026, challenging his ongoing detention without bond under the Due Process Clause of the Fifth Amendment. ECF No. 1. On July 15, 2026, Judge Calabretta granted the petition and ordered Respondent to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days. ECF No. 7. Judge Calabretta also entered judgment in favor of Petitioner. On July 30, 2026, Respondent filed a post-judgment status report notifying the Court that an immigration

judge ("IJ") allowed Petitioner to withdraw his request for bond so he "could seek counsel, and gather relevant evidence, prior to holding a hearing." ECF No. 10-1.

The hearing was reconvened on August 25, 2026. ECF No. 18-2. Petitioner appeared via videoconferencing and without counsel. According to the audio recording, the IJ considered Petitioner's 20-page evidence packet, which included his bond redetermination request and sponsor information from Casa Marianella, a nonprofit residential facility in Austin, Texas, as well as the Form I-213 and FBI rap sheet submitted by the government. ECF No. 17 at 1:53-5:23. The IJ questioned Petitioner about his April 27, 2026, conviction for DUI with a blood alcohol content above 0.15 for which he served 84 days in jail. Petitioner explained that he had two beers at his house and walked to his parked car and passed out. Petitioner attributed the effects of the alcohol to his diabetes. Id. at 5:24-13:20. The government argued that a minor was in the car with Petitioner, but the IJ sustained Petitioner's objection and determined that Petitioner was alone and the government was misreading the statute.[1] Id. at 13:21-15:40. Citing the recency of Petitioner's DUI conviction, the IJ found that Petitioner was a danger to the community. Id. at 15:41-16:15. The IJ explained that case law prohibits him from "going behind" the conviction to consider Petitioner's explanation for his DUI arrest. The IJ instructed Petitioner on how to appeal the order. Id. at 16:16-16:50.

On September 17, 2026, an IJ ordered Petitioner removed to Kenya. ECF No. 18-4. Petitioner reserved appeal of both IJ orders, but it does not appear from the record that Petitioner followed through.

## II. Petitioner's TRO Motion

On September 14, 2026, Petitioner filed his evidence packet from the bond hearing (ECF No. 12) and TRO motion (ECF No. 13). In the cover letter to the evidence packet, Petitioner alleges that the documents were overlooked, rendering the IJ's decision "unfair." ECF No. 12 at 1. In the TRO motion, Petitioner alleges that his arrest on February 3, 2026, violated the Due

[1] The provision at issue criminalized DUIs involving individuals with a "blood-alcohol level or breath-alcohol level of 0.15 or higher" or those who were "accompanied in the vehicle by a person under the age of 18 years[.]" Fla. Stat. § 316.193(4).

Process Clause and the Garro Pinchi v. Noem, 813 F. Supp. 3d (N.D. Cal. 2025) class action order and seeks immediate release. ECF No. 13.

In light of Petitioner's submission of the hearing evidence, the undersigned construed the TRO as a request for judicial review of the IJ's bond denial and ordered Respondent to respond. ECF No. 15. Respondent argues that the IJ oversaw a legally compliant § 1226(a) hearing. ECF No. 18 at 2-3. Respondent further argues that Petitioner has not appealed the bond hearing termination and the Court should dismiss the petition for failure to exhaust administrative remedies. Id. at 3. Finally, Respondent asserts that Petitioner is not a Garro Pinchi class member "as [he] did not enter without inspection and is not inadmissible under 8 U.S.C. § 1182." Id.

## LEGAL STANDARD

A district court has continuing jurisdiction to enforce its judgments. See Hook v. State of Ariz., Dep't of Corr., 972 F.2d 1012, 1014 (9th Cir. 1992); see also Judulang v. Chertoff, 562 F.Supp.2d 1119, 1126 (S.D.Cal.2008) ("[H]abeas courts are empowered to make an assessment concerning compliance with their mandates."). In the context of immigration detention, the judges of this judicial district have generally reviewed motions to enforce judgments under the standard for enforcing injunctions. See, e.g., Idiev v. Warden of Golden State Annex Det. Facility, No. 1:25-CV-01030-SKO (HC), 2026 WL 760218, at *2 (E.D. Cal. Mar. 18, 2026).

The party seeking to enforce the injunction has the burden of showing by clear and convincing evidence that the enjoined party violated a specific provision of the court's order. Kia America, Inc. v. Rally Auto Group, Inc., Case No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). The language in an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed to provide sufficient notice to the party being enjoined. Clark v. Coye, 60 F.3d 600, 604 (9th Cir. 1995). "[A]ll ambiguities are resolved in favor of the person [or entity] subject to the injunction." United States v. Holtzman, 762 F.2d 720, 726 (9th Cir. 1985).

Given Petitioner's pro se status and post-judgment posture of his TRO motion, the undersigned liberally construes the motion as requesting judicial review of the court-ordered bond

hearing. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally"). "Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations." Kumar v. Noem, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026). In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence[,]" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

Incorporating the two standard-of-review doctrines discussed above, the undersigned turns to whether Petitioner has shown clearly and convincingly that the IJ erred in a way prohibited by the Court's order in the underlying habeas action.

## ANALYSIS

### I. Petitioner is Not a Member of the Garro Pinchi Class

The Garro Pinchi class action, which the TRO motion cites as authority for Petitioner's immediate release, is inapplicable to this matter. There, a putative class of noncitizens challenged a DHS policy authorizing their re-detention pursuant to 8 U.S.C. § 1225(b)(2) without a material change in circumstances. On December 19, 2025, District Judge Pitts granted the plaintiffs' request to stay the DHS policy within ICE's San Francisco area of responsibility pending final resolution of their Administrative Procedure Claims. Garro Pinchi, 813 F. Supp. 3d at 1039. By contrast, Petitioner overstayed his visa. He has no prior release from ICE custody. The parties agree is detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b)(2). Moreover, District Judge Calabretta thoroughly considered the legality of Petitioner's arrest and detention in granting the underlying petition and ordered a § 1226(a) bond hearing as relief. For these reasons, Petitioner

is not entitled to release or any other relief pursuant to the Garro Pinchi class action.

**II. Exhaustion**

Respondent urges the Court to dismiss the motion for failure to exhaust administrative remedies. Generally, "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)).

However, some judges of this judicial district, including the assigned district judge, have declined to require exhaustion in challenges to court-ordered bond hearings. See Kumar v. Noem, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026) (waiving exhaustion where respondents' alleged failure to apply burden expressed in court order "is an issue appropriately addressed by a motion to enforce the Court's order"); Hinostroza Velasquez v. Warden, California City Correctional Center, et al., No. 1:26-CV-03246-DJC-SCR, 2026 WL 1622903, at *2 (E.D. Cal. June 5, 2026) ("To the extent Petitioner challenges the constitutional adequacy of the bond hearing he received, the Court retains jurisdiction to enforce its prior orders."); but see C.A.R.V. v. Wofford, No. 1:25-cv-01395-JLT-SKO, 2026 WL 241823, at *4 (E.D. Cal. Jan. 29, 2026) (declining to apply "prior order" carveout but excusing exhaustion on other grounds). The undersigned agrees with Judge Calabretta's reasoning in those cases and finds that the Court's authority to enforce its order granting the underlying § 2241 petition renders exhaustion unnecessary here.

**III. The IJ Did Not Abuse His Discretion in Denying Bond**

Because Petitioner did not appeal the IJ's decision, the Court does not have the benefit of a written bond memorandum. See Marroquin Ambriz v. Barr, 420 F. Supp. 3d 953, 959 n.2 (N.D. Cal. 2019) ("IJs do not prepare a written, reasoned statement of decision unless the bond determination is appealed.") (citing Exec. Office of Immigration Review, Immigration Court

Practice Manual § 9.3(e)(vii)). Nevertheless, having carefully reviewed the parties' filings and the audio recording of the hearing, the undersigned concludes that the IJ did not abuse his discretion in determining Petitioner presented a risk of danger.

First, there is no indication from the audio recording that the IJ applied the incorrect legal standard. He properly allocated the burden on Petitioner in the court-ordered, § 1226(a) hearing. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1203 (9th Cir. 2022) (recognizing that the noncitizen bears the burden of proof at a bond hearing before an IJ) (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006)). Further, to determine whether a noncitizen is a danger to the community or a risk of flight, an IJ weighs nine factors under the BIA's Guerra precedent. Martinez, 124 F.4th at 783 (citing Guerra, 24 I. & N. Dec. 37). The IJ based his dangerousness finding of the Guerra criminal record factor while emphasizing the recency of Petitioner's April 2026 DUI conviction. See id. ("'[T]he Guerra factor most pertinent to assessing dangerousness' is 'the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses.'") (quoting Singh, 638 F.3d at 1206).

Nor did the IJ err in failing to credit Petitioner's explanations for his DUI arrest (e.g., that he was not operating the vehicle at the time or that his diabetes caused the elevated blood alcohol content). While the IJ did not specify the case law that prohibited him "going behind" the conviction to consider its underlying facts, that principle is well established in BIA precedent. See Matter of Madrigal-Calvo, 21 I. & N. Dec. 323, 327 (BIA 1996) (holding that an IJ "cannot entertain a collateral attack on a judgment of conviction unless that judgment is void on its face, and cannot go behind the judicial record to determine the guilt or innocence of the [noncitizen]"); In Re Mendez-Moralez, 21 I. & N. Dec. 296, 304 (BIA 1996) (same).

The undersigned also considered Petitioner's claim that the IJ overlooked his evidence. See ECF No. 12 at 1. The fact the IJ only identified Petitioner's written bond request and the Casa Marianella sponsor packet does warrant concern. But for an IJ's decision to comport with due process, "only 'potentially dispositive testimony and documentary evidence' must be specifically addressed." Perez v. Wolf, 445 F. Supp. 3d 275, 290 (N.D. Cal. 2020) (quoting Cole v. Holder, 659 F.3d 762, 772 (9th Cir. 2011)). The other evidence that the IJ appeared to ignore

predates the DUI conviction and is more relevant to Petitioner's pending asylum application. For instance, Petitioner provided a declaration, witness statements, medical documentation, and other supporting documents regarding a June 2024 political protest where Kenyan police officers dislocated his wrist. ECF No. 12 at 2-23. The IJ's omission of this evidence does not "raise[] an inference that it did not consider important information" relevant to the dangerousness finding. See Cole, 659 F.3d at 772. Petitioner does not otherwise explain what specific evidence the IJ failed to consider.

Based on this record, the undersigned does not find that the IJ's finding of dangerousness based on Petitioner's April 2026 DUI conviction was an abuse of discretion. Accordingly, the undersigned recommends that the TRO motion be denied. Petitioner is advised that until his removal order becomes administratively final and his detention shifts to 8 U.S.C. § 1231, he may seek a subsequent bond hearing pursuant to 8 C.F.R. § 1003.19(e) based on a showing of a material change in circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's motion for temporary restraining order, construed as a request for judicial review of the IJ's August 25, 2026, bond denial (ECF No. 13), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE